UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:21-cv-01954-PA (SK)                    Date: November 24, 2021

Title     Michael Anthony Aleman v. David Holbrook, Warden

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:                    Attorneys Present for Respondent:
None present                                          None present

**Proceedings:**        (IN CHAMBERS) **ORDER TO SHOW CAUSE**

        In November 2021, Petitioner filed a petition under 28 U.S.C. § 2254 challenging his 2014 state conviction and sentence for carjacking and assault with a deadly weapon. (ECF 1 at 1-2).  On its face, however, the petition is subject to summary dismissal for at least two reasons.

        First, the petition is impermissibly second or successive.  In July 2018, Petitioner filed a previous § 2254 petition challenging the same 2014 state conviction.  (*See Michael Anthony Aleman v. Warren L. Montgomery*, Case No. 5:18-cv-01591-SVW).[1]  That petition was denied on the merits in October 2019.  (*Id.*, ECF 27-28).  So, to file a second or successive federal habeas petition, Petitioner had to obtain authorization from the Ninth Circuit first.  *See* 28 U.S.C. § 2244(b)(3)(A).  Yet Petitioner presents no evidence—and the Court has found none—that he obtained such preauthorization.  Thus, this Court lacks jurisdiction to entertain the second and successive petition.

        Second, even if Petitioner could file a successive petition, the current one still appears facially untimely.  After Petitioner's direct appeal to the California Court of Appeal (Cal. Ct. App. Case No. E064265), the California Supreme Court denied review in May 2017 (Cal. Sup. Ct. Case No. S241395).  Because Petitioner filed no petition for writ of certiorari in the U.S. Supreme Court (ECF 1 at 5), his conviction became final in August 2017.  *See* U.S. Sup. Ct. R. 13.  Without tolling, then, Petitioner had one year—until August 2018—to file a timely federal petition.  *See* 28 U.S.C. § 2244(d)(1)(A).

        Statutory tolling applies only while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" is pending.

---

[1] The Court takes judicial notice of Petitioner's prior direct appeal and habeas proceedings.  *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:21-cv-01954-PA (SK)                    Date: November 24, 2021

Title        Michael Anthony Aleman v. David Holbrook, Warden

*See id.* § 2244(d)(2).  Yet only one of the three state habeas petitions that Petitioner filed could have possibly tolled the one-year statute of limitations—his second one filed in July 2018 (Cal. Sup. Ct. Case No. S250251).  That petition was denied in January 2019, thereby tolling the federal limitations period until February 2019.  His first state petition, however, was denied in July 2017 (San Bernardino Super. Ct. Case No. WHCJS1700153)—before Petitioner's conviction became final—so that proceeding could have had no statutory tolling effect.  *See Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008); *Torlucci v. Evans*, 364 Fed. App'x 338, 339 (9th Cir. 2010).  And Petitioner's third state petition was not filed until 2021 (Cal. Sup. Ct. Case No. S266453), by which time the federal limitations period had expired.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (confirming that state habeas petition filed after expiration of one-year statute of limitations cannot restart another limitations period).  Petitioner's current federal petition is thus facially untimely by almost three years.

For all these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **December 31, 2021** why the Court should not dismiss the petition for lack of jurisdiction, untimeliness, or both.  Petitioner bears the burden of establishing timeliness on any ground, including equitable tolling, that the Court may be unaware of.  *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012).  If Petitioner cannot meet that burden and is also unable to prove that the Ninth Circuit has authorized him to file a successive § 2254 petition, he may voluntarily dismiss this action under Federal Rule of Civil Procedure 41(a) using the attached Form CV-09.  But if Petitioner files neither a notice of voluntary dismissal nor a timely response to this order, this action may be involuntarily dismissed for failure to prosecute.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**